UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF ILLINOIS

AYESHA KHAN, )
 )
    Plaintiff, )
 )
vs. )
 )
MIDWESTERN UNIVERSITY, an )
    Illinois not-for-profit corporation, )
 )
    Defendant. )

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff AYESHA KHAN ("Plaintiff"), by and through her attorneys, BROOKS, TARULIS & TIBBLE, LLC, and for her Complaint against MIDWESTERN UNIVERSITY, an Illinois not-for profit corporation, ("Defendant") hereby states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under Title VI of the of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. §2000d, and its implementing regulation, 34 C.F.R. Part 100, Section 504 of the Rehabilitation Act of 1973, as amended, ("Section 504") and its implementing regulation, 34 C.F.R. §104 and Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681, and its implementing regulation, 34 C.F.R. Part 106.

2. This Court has jurisdiction pursuant to the following statutes:
    a. 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;
    b. 28 U.S.C. §1343, which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

c. 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

3. Venue is appropriate in this judicial district under U.S.C. §1391 (b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

4. Plaintiff is a citizen of the United States and resides in the County of Cook, State of Illinois, which is in this judicial district.

5. Defendant, MIDWESTERN UNIVERSITY, is a not-for-profit corporation incorporated in the State of Illinois having its principal place of business located at 555 31st Street, Downers Grove, Illinois 60515 which is located in this judicial district.

## GENERAL ALLEGATIONS

6. Title VI prohibits recipients of Federal Financial Assistance ("FFA") from discriminating on the basis of national origin.

7. Section 504 prohibits recipients of FFA from discriminating on the basis of disability.

8. Title IX prohibits recipients of FFA from discriminating on the basis of sex in education programs and activities.

9. Defendant receives FFA and is subject to the provisions of Title VI, Title IX and Section 504.

7. Plaintiff is a thirty (30) year old American woman of Indian descent who was enrolled as a student in post-graduate medical school operated by Defendant beginning in Fall, 2010.

8. As a result of life-threatening injuries to her husband suffered in November, 2010 in an automobile accident and complications arising therefrom, Plaintiff received failure equivalents in three (3) classes.

9. Due to the extraordinary circumstances surrounding her husband's accident, Plaintiff requested, and Defendant allowed, that she be permitted to re-take all of the classes for which she received failure equivalents. Plaintiff successfully completed all three (3) classes.

10. In August, 2012, Plaintiff was enrolled in the second year of the medical program conducted by Defendant.

11. In February, 2013, Plaintiff learned that she was pregnant. She subsequently suffered numerous pregnancy-related complications, including fatigue, nausea, anxiety and gestational diabetes.

12. At various times during the time she was pregnant and attending medical school, Plaintiff sought reasonable accommodations from Defendant including adjustments to her class schedule, her rotations and her exams.

13. Defendant, and its agents, unreasonably refused to accommodate Plaintiff's pregnancy and arbitrarily applied provisions of Defendant's Student Handbook to refuse Plaintiff's reasonable request for accommodations.

14. On May 22, 2013, despite her repeated requests for accommodations due to her pregnancy and her complaints to Defendant's administration about Defendant's failure to provide said accommodations, Defendant dismissed her from its post-graduate medical program.

## COUNT I
## VIOLATION OF TITLE VI

15. Plaintiff incorporates and restates Paragraphs 1 through 14 above as if fully set forth herein.

16. Title VI prohibits discrimination on the basis of race, color or national origin under any program administered by an entity that receives FFA.

17. Defendant receives FFA.

18. Defendant and its agents discriminated against Plaintiff by failing to provide reasonable accommodations during Plaintiff's pregnancy because she is a American of Indian descent.

19. As a direct and proximate result of Defendant's refusal to provide reasonable accommodations as asset forth herein, Plaintiff has sustained injuries and damages.

## COUNT II
## VIOLATION OF SECTION 504

20. Plaintiff incorporates and restates Paragraphs 1 through 14 above as if fully set forth herein.

21. Plaintiff is a "disabled/handicapped" individual as defined in Section 504 and its implementing regulations.

22. Section 504requires recipients of FFA to modify their academic requirements as necessary to ensure that such requirements do not discriminate, or have the effect of discriminating, on the basis of disability, against a qualified student.

23. Plaintiff advised Defendant of her pregnancy and requested reasonable accommodations.

24. Defendant and its agents discriminated against Plaintiff by failing to provide reasonable accommodations during Plaintiff's pregnancy.

25. As a result of Defendant's failure to provide reasonable accommodations during Plaintiff's pregnancy, Defendant violated Section 504 by discriminating against Plaintiff in a number of ways, including without limitation, the following:

    (a) By reason of Plaintiff's pregnancy, age and sex;

    (b) By failing to allow to complete the program requirements in a manner appropriate to the needs of Plaintiff given her pregnancy and pregnancy-related complications; and

    (c) Denying Plaintiff the equal/same opportunity to receive the benefit(s) of Defendants medical program that are available to other qualified individuals with disabilities.

26. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has sustained injuries and damages.

## COUNT III
## VIOLATION OF TITLE IX

27. Plaintiff incorporates and restates Paragraphs 1 through 14 above as if fully set forth herein.

28. Title IX prohibits discrimination against any student, or exclusion of any student from its education program or activity on the basis of that student's pregnancy, childbirth or recovery therefrom. Title IX implementing regulations further provide that a recipient of FFA shall treat pregnancy, childbirth and recovery therefrom in the same manner and under the same policies as any other temporary disability with respect to any plan or policy which such recipient administers, operates, offers or participates in with respect to student's admitted to recipient's educational program.

29. Plaintiff advised Defendant of her pregnancy and requested reasonable accommodations.

30. Defendant and its agents discriminated against Plaintiff by failing to provide reasonable accommodations during Plaintiff's pregnancy.

31. As a result of Defendant's failure to provide reasonable accommodations during Plaintiff's pregnancy, Defendant violated Title IX by discriminating against Plaintiff in a number of ways, including without limitation, the following:

    (a) By reason of Plaintiff's pregnancy, age and sex;

    (b) By failing to allow to complete the program requirements in a manner appropriate to the needs of Plaintiff given her pregnancy and pregnancy-related complications; and

    (c) Denying Plaintiff the equal/same opportunity to receive the benefit(s) of Defendants medical program that are available to other qualified individuals with disabilities.

32. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has sustained injuries and damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant providing the following relief:

    (a) Compensatory damages in whatever amount in excess of Fifty Thousand and 00/100 Dollars ($50,000.00), exclusive of costs and interest, that Plaintiff is found to be entitles;

    (b) Punitive/exemplary damages against Defendant in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

    (c) An order placing Plaintiff in the position that she would have been in had there been no violation of her rights, including readmission to the medical program operated by Defendant;

    (d)    An order restraining Defendant from further acts of discrimination or retaliation;

    (e)    An award of interest, costs, and reasonably attorney's fees;

    (f)    Any and all other remedies provided pursuant to Title Vi, Section 504 and Title IX;

    (g)    Take other appropriate nondiscriminatory measures to overcome the above-described discrimination; and

    (h)    Such other and further relief as the Court deems appropriate.

Respectfully submitted,

BROOKS, TARULIS & TIBBLE, LLC

By: /s/ Kevin M. Gallaher

Kevin M. Gallaher. One of its Attorneys

Brooks, Tarulis & Tibble
101 N. Washington Street
Naperville, Illinois 60540
(630) 355-2101