# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Ayesha Khan,<br><br>    Plaintiff,<br><br>v.<br><br>Midwestern University, an Illinois corporation,<br><br>    Defendant. | Case No. 14 C 9539<br><br>Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

This is an education related dispute between Plaintiff Ayesha Khan and her former medical school, Midwestern University. Plaintiff, a female of Indian descent, alleges two causes of action: (1) racial discrimination under Title VI of the Civil Rights Act of 1964; and (2) disability discrimination under Section 504 of the Rehabilitation Act. While Plaintiff's Second Amended Complaint ("SAC") also mentions a Title IX cause of action, she has made clear in her response brief [31] that she is not pursuing that claim, and thus, any Title IX claim is hereby dismissed. Now before the Court is Defendant's motion for judgment on the pleadings under Rule 12(c). [28]. That motion is granted in part and denied in part as explained below.

### I.  Background[1]

Plaintiff enrolled as a medical student at Midwestern University in the Fall of 2010. [23] ¶ 9. In February 2013, Plaintiff became pregnant, and in the ensuing

---

[1] The Background Section is based on the allegations of the SAC [23], and the related documents properly before this Court. The facts are accepted as true for the purposes of this motion only.

months she suffered fatigue, nausea, anxiety and gestational diabetes as a result of her pregnancy. *Id*. ¶13. During her pregnancy, Plaintiff sought certain accommodations from Defendant, including adjustments to her class schedule, rotations, and exams. *Id*. ¶14.

On March 20, 2013, Plaintiff's physician, Dr. Gerald Farby, wrote a letter stating that he had been treating Plaintiff for depression and anxiety related to her pregnancy, and that she required accommodations for her medical issues. *Id*. ¶ 25, Ex. A. Dr. Farby explained that Plaintiff was "unable to fulfill the academic responsibilities due to [her] medical issues." *Id*. at Ex. A. Plaintiff took a two-week medical leave in March 2013. *Id*. ¶27. Later that month, she advised the professor of her Pharmacology course of her pregnancy and its resulting complications. *Id*. That professor responded by criticizing Plaintiff and stating that she was "busy making babies." *Id*. ¶28. Around that same time Plaintiff arrived late for her final pharmacology exam because of traffic, and subsequently experienced anxiety, nausea and light-headedness as a result of her pregnancy. *Id*. ¶ 31. Plaintiff asked to take the exam at a later time, but that request was denied, and she subsequently failed the course. *Id*. ¶ 32-33. According to Plaintiff, this constituted discrimination based on the medical conditions resulting from her pregnancy. *Id*. ¶ 32.

On May 22, 2013, Plaintiff was dismissed from Defendant's medical program. *Id*. ¶ 16. Following an appeals process, that dismissal was made final in August 2013. *Id*. ¶ 34. Plaintiff alleges that, in addition to disability discrimination under Section 504 of the Rehabilitation Act, Defendant discriminated against her based on

her national origin by refusing to provide reasonable accommodations. *Id*. ¶¶ 16, 18. Plaintiff claims that this was a violation of Title VI of the Civil Rights Act of 1964. *Id*. ¶¶ 15-19.

**II. Legal Standard**

A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Northern Indiana Gun & Outdoor Shows, Inc., v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Under Rule 12(c), the Court must view the facts in the light most favorable to the non-moving party. *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). The Court may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true. *Flora v. Home Federal Savings and Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982). The pleadings reviewable under Rule 12(c) "include the complaint, the answer, and any written instruments attached as exhibits." *Northern Indiana*, 163 F.3d at 452. To survive a motion under Rule 12(c), the complaint must "state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014), *cert. denied sub nom.*, 135 S. Ct. 286 (2014) (internal citations omitted). Factual allegations are accepted as true, but "allegations in the form of legal conclusions are insufficient to survive" a Rule 12(c) motion. *Id*. Threadbare recitals of the "elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

### III. Analysis

Defendant moves for judgment on the pleadings with regard to Count I (Title VI) and Count II (Rehabilitation Act) of Plaintiff's Second Amended Complaint. [28] The Court analyzes each Count in turn, and grants in part and denies in part the motion.

### A. Count I: Discrimination under Title VI

In Count I, Plaintiff brings a claim for race and/or national origin discrimination under Title VI, alleging that Defendant refused to provide her reasonable accommodations because she is an American of Indian descent. [23] ¶18. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. § 2000d. To state a claim under Title VI, plaintiffs must allege facts satisfying two elements: (1) that they have been intentionally discriminated against on the grounds of race; and (2) that defendants are recipients of federal financial assistance. *Irving v. Pui Tak Ctr.*, No. 12 C 8092, 2013 WL 2251757, at *2 (N.D. Ill. May 22, 2013). To adequately plead discrimination a plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams*, 742 F.3d at 727 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Threadbare allegations and conclusory statements are not sufficient to support a plausible cause of action. *Id.*

The Seventh Circuit's decision in *McReynolds v. Merrill Lynch* sets forth guidelines for properly pleading intentional racial discrimination. 694 F.3d 873, 885 (7th Cir. 2012).[2] In *McReynolds*, the Seventh Circuit affirmed the dismissal of a Title VII racial discrimination claim, finding that plaintiffs – African American brokers at a financial institution – had failed to plead an intentional discriminatory purpose behind the institution's retention program. *Id.* at 886-87. The court emphasized that all of the complaint's discriminatory intent allegations essentially boiled down to the same claim: that the defendant "intentionally designed the retention program based on production levels that incorporated the effects of past discrimination, and that the firm did so with the intent to discriminate against black brokers." *Id.* The Plaintiff pled no other allegations concerning defendant's intentional discrimination. *Id.* The Court thus held that Plaintiff's "allegations of intent are the sort of conclusory allegations that are insufficient under *Iqbal*." *Id.* at 886.

Trial courts in this District have followed this same approach. In *Jackson v. Northern Illinois University College of Law*, No. 10 C 01994, 2010 WL 4928880, at *1 (N.D. Ill. Nov. 30, 2010), the plaintiff, an African-American woman, alleged Title VI race discrimination based on the defendant's refusal to admit her as a student in its JD program. *Id.* Plaintiff's race discrimination was based solely on her allegation that: (1) she was a black woman; and (2) defendant had a low percentage

---

[2] While *McReynolds* was brought under Title VII, it concerned an action under Section 703(h) of Title VII, which requires a showing of intentional discrimination. *Id.* at 880. Because the Plaintiff's Title VI cause of action here also requires a showing of intentional discrimination, *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001), the Court finds the *McReynolds* holding instructive.

5

of black women and black students in its JD program. *Id.* at *2. The court explained that Title VI prohibits only intentional discrimination, and that the "type of conclusory allegations" plaintiff sets forth did "not support such an inference." *Id.*; *see also Von Behren v. Plainfield Cmty. Consol. Sch. Dist. 202*, No. 14 C 4618, 2014 WL 6819538, at *4 (N.D. Ill. Dec. 2, 2014); *Margie's Brand, Inc. v. Safeway, Inc.*, No. 12 CV 7918, 2013 WL 4047644, at *1 (N.D. Ill. Aug. 9, 2013); *Allen v. Chase Home Fin. LLC*, No. 10 C 8270, 2011 WL 3882814, at *3 (N.D. Ill. Sept. 2, 2011).

Defendant here argues that Plaintiff likewise has not adequately pled facts showing intentional racial discrimination. Similar to the plaintiffs in *McReynolds*, Plaintiff here has not sufficiently alleged facts showing intentional discrimination based on her race or national origin. The only allegations concerning this discrimination are conclusory: (1) Plaintiff is an "American woman of Indian descent," [23] ¶ 9; and (2) "Defendant and its agents discriminated against Plaintiff by failing to provide reasonable accommodations during Plaintiff's pregnancy because she is an American of Indian descent." *Id.* at ¶18. For example, Plaintiff has failed to allege that students of another race or national origin were treated differently than her, or that any individual associated with Defendant made any comments relating to her race or national origin. Contrary to the pleading requirements under *Iqbal*, Plaintiff does not allege facts that enable this Court to draw a reasonable inference that intentional discrimination took place. This dearth of factual allegations, and complete reliance on conclusory legal allegations, is

insufficient to survive a motion for judgment on the pleadings. For these reasons, judgment on Count I is granted in Defendant's favor.

### B. Count II: Discrimination under the Rehabilitation Act

Plaintiff also brings a discrimination claim under Section 504 of the Rehabilitation Act, alleging that Defendant discriminated against her due to her disability by failing to provide reasonable accommodations during her pregnancy. [23] ¶ 24. Defendant responds that Plaintiff has not sufficiently alleged that her pregnancy-related complications constituted a disability that substantially limited her major life activities. [28] at 4.

To state a discrimination claim under the Rehabilitation Act, the Plaintiff must allege that she was: "(1) an individual with a disability; (2) otherwise qualified for the benefit sought; (3) discriminated against solely because of his handicap; and (4) discriminated against by an entity that received federal financial help." *Grzan v. Charter*, 104 F.3d 116, 119 (7th Cir.1997). The focus of Defendant's motion here is whether Plaintiff was "an individual with a disability" as defined by the statute.

Section 705(20) of the Rehabilitation Act incorporates the ADA definition of disability for purposes of the anti-discrimination provisions of Section 504. *See* 29 U.S.C. § 705(20)(B); 42 U.S.C. § 12102(2)(A). "The Rehabilitation Act borrows its definition of disability from the ADA [Americans with Disabilities Act] and the courts use ADA precedent to analyze Rehabilitation Act claims." *Gresham-Walls v. Brown*, No. 12 C 1344, 2014 WL 6685478, at *6 (N.D. Ill. Nov. 25, 2014). This Court therefore addresses cases discussing the definition of disability under both statutes.

7

Under the Rehabilitation Act, a disability is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C.A. § 12102(1)(A). The phrase "substantially limits" means that the individual is either "unable to perform a major life activity" or is "significantly restricted as to the condition, manner or duration" under which the individual can perform the major life activity as compared to the average person in the general population. 29 C.F.R. § 1630.2(j)(1). This requirement "is not meant to be a demanding standard," and "should not demand extensive analysis." 29 C.F.R. § 1630.2(j)(1)(i), (iii). Instead, the term must be "construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA." 29 C.F.R. § 1630.2(j)(1)(i). The substantial limitation on a major life activity does not have to be permanent to render the individual disabled. 42 U.S.C. § 12102(4)(D). An episodic impairment or impairment in remission can still constitute a disability if its limitation on a major life activity impairs such an activity when the impairment is active. *Id*.

Defendant here does not dispute that learning and attending school can be a major life activity. [32] at 3. Thus, the Court confines its analysis to Defendant's argument that Plaintiff has not pled that her learning or school attendance was substantially limited. Defendant claims that: (1) Plaintiff could not have been "substantially limited" because her condition was temporary; and (2) Plaintiff did not otherwise plead facts sufficient to show that any limitation was substantial. [32] at 4-5.

First, the alleged impairment need not be long-term or permanent to qualify as a disability.[3] 29 C.F.R. § 1630.2(j)(1). The ADA regulations explain that "the effects of an impairment lasting or expected to last fewer than six months can be substantially limiting" under the ADA. 29 C.F.R. § 1630.2(j)(1)(ix). For example, in *Heatherly v. Portillo's Hot Dogs, Inc.*, 958 F.Supp. 2d 913, 920 (N.D. Ill. 2013), the court, applying this same regulation, examined a disability discrimination claim involving a plaintiff who suffered from a high-risk pregnancy that limited her ability to lift heavy objects or work in excess of a 6-8 hour shift at her restaurant job. *Id.* at 920. Even though summary judgment was ultimately granted in favor of the defendant, the court in its analysis acknowledged that the regulations of the ADA provide that the "effects of an impairment lasting or expected to last fewer than six months can be substantially limiting," and thus the court rejected the argument that the short duration of the plaintiff's limitations prevented her from being considered disabled under the ADA. *Id.* at 920. (citing 29 C.F.R. § 1630.2(j)(ix)). The court also determined that plaintiff's medical note, which stated that she should only engage in light duty and refrain from heavy lifting, was sufficient evidence to create an issue of fact as to whether her pregnancy qualified her as disabled under the ADA. *Id.* at 921. This Court agrees with the analysis in *Heatherly* and finds that, based on Section 1630.2(j)(ix), the temporary nature of Plaintiff's impairment does not bar her claim here.

---

[3] Because the events in this matter occurred in 2013, the Court applies the amended version of the ADA regulations, which became effective on January 1, 2009 and lowered the requirements for pleading a substantial limitation. *See Steffen v. Donahoe*, 680 F.3d 738, 744 (7th Cir. 2012); *Fredricksen v. United Parcel Serv., Co.*, 581 F.3d 516, 523 (7th Cir. 2009).

9

Second, the facts alleged in the Complaint (and in the attached exhibit) are sufficient at this stage of the proceedings to show that Plaintiff's pregnancy related impairments substantially limited her ability to learn and participate in her education. [1] at ¶¶ 13-15, 20-34, Ex. A. An alleged impairment qualifies as a "disability" if it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(iii). However, that impairment does not have to prevent or severely limit the life activity to qualify as substantially limiting. *Id.* Plaintiff here needs only to allege sufficient facts to demonstrate a plausible claim of substantial limitation, which she has successfully done. Throughout her Complaint, Plaintiff identifies several instances where her pregnancy and the related impairments limited her participation in medical school by causing her to take time off from school and miss exams. [23] ¶¶ 27, 29-33. She also alleges, albeit generally, that her impairments prevented her from completing program requirements. *Id.* at 33. Finally, and perhaps most compelling, Plaintiff produced a doctor's note stating that she suffered from depression, paralyzed anxiety, nausea, and fatigue associated with her pregnancy. [23] at Ex. A. The note stated that Plaintiff was "unable to fulfill the academic responsibilities due to the above medical issues." *Id.* These factual allegations are sufficient to constitute a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and the Court thus denies Defendant's motion for judgment on the pleadings as to Count II.

### IV. Conclusion

Defendant's motion for judgment on the pleadings is granted with regard to Count I and denied with regard to Count II. Because Plaintiff already had an opportunity to amend Count I to resolve the same deficiencies addressed today, [22], judgment on that Count is with prejudice as to any amendment. This matter remains set for a status hearing on 12/3/15 at 9:45 a.m. in Courtroom 1725. At that time the parties shall be prepared to set case management dates and discuss any progress concerning the potential settlement of this matter.

IT IS SO ORDERED

Dated: November 30, 2015

United States District Court